**United States District Court**
For the Northern District of California

1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8

9

PNC BANK NATIONAL ASSOCIATION,

10

          Plaintiff,                        No. C 10-5069 PJH

11

     v.                                **ORDER REMANDING CASE**

12

ALBERT MEDINA, et al.,

13

          Defendants.

14   _____/

15          Defendants Albert Medina and Virginia Medina removed this action from the

16   Superior Court of San Joaquin County on November 9, 2010, alleging diversity jurisdiction.

17   Because the court finds that it lacks subject matter jurisdiction, the case is hereby

18   REMANDED.

19          Federal courts can adjudicate only those cases which the Constitution and Congress

20   authorize them to adjudicate – those involving diversity of citizenship or a federal question,

21   or those to which the United States is a party.  See Kokkonen v. Guardian Life Ins. Co. of

22   America, 511 U.S. 375, 377 (1994).  The burden of establishing federal jurisdiction for

23   purposes of removal is on the party seeking removal.  Valdez v. Allstate Ins. Co., 372 F.3d

24   1115, 1117 (9th Cir. 2004).

25          The removal statutes are construed restrictively, so as to limit removal jurisdiction.

26   Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v.

27   Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (doubts as to

28   removability are resolved in favor of remanding case to state court).  A defendant has a

United States District Court

For the Northern District of California

1    particularly heavy burden where the state court complaint specifically indicates that it seeks

2    damages of less than $75,000.  The district court must remand the case if it appears before

3    final judgment that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

4         The complaint at issue, which was filed in the Superior Court of San Joaquin County

5    on August 27, 2010, alleges a single cause of action under state law, for unlawful detainer

6    following a non-judicial foreclosure sale in April 2010.  The complaint further alleges that on

7    May 21, 2010. defendants were served with a 90-day notice to vacate vacate the premises.

8    The caption of the complaint states "Amount Demanded Does not Exceed $10,000."  In the

9    prayer for relief, plaintiff seeks "restitution and possession of the property" and the sum of

10   $31.67 per day, which represents "the unpaid fair market value" for use and occupancy of

11   the property and premises from August 20, 2010 until rendition of Judgment herein," and

12   "such other and further relief as the Court may deem just and proper."

13        In the notice of removal, defendants assert diversity jurisdiction under 28 U.S.C.

14   § 1332, alleging only that parties are citizens of different states.  However, there are two

15   requirements for establishing diversity jurisdiction – the parties on each side must be

16   diverse, and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).

17        Under 28 U.S.C. § 1447(c), the district court is <u>required</u> to remand state law claims

18   where the court lacks removal jurisdiction – that is, where there is no federal question or

19   diversity jurisdiction.  <u>Albingia Versicherungs A.G. v. Schenker Int'l, Inc.</u>, 344 F.3d 931,

20   936, <u>amended</u>, 350 F.3d 916 (9th Cir. 2003).  Subject matter jurisdiction is fundamental

21   and cannot be waived.  <u>Billingsly v. C.I.R.</u>, 868 F.2d 1081, 1085 (9th Cir. 1989).  Federal

22   courts have no power to consider claims for which they lack subject-matter jurisdiction.

23   <u>See</u> <u>Chen-Cheng Wang</u> ex rel. <u>United States v. FMC Corp.</u>, 975 F.2d 1412, 1415 (9th Cir.

24   1992).  Thus, in the present case, the court must consider whether it has subject matter

25   jurisdiction over the removed unlawful detainer action before it can consider whether the

26   unlawful detainer action should be consolidated with the related wrongful foreclosure

27   action.

28        Here, defendants have not met their burden of establishing that the amount in

2

**United States District Court**
For the Northern District of California

1  controversy exceeds $75,000.  When a state court complaint affirmatively alleges that the

2  amount in controversy is less than the jurisdictional threshold, the party seeking removal

3  must prove with "legal certainty" that the jurisdictional amount is met.  See Lowdermilk v.

4  U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998-1000 (9th Cir. 2007).  Here, the face of the

5  complaint makes clear that plaintiff is seeking an amount less than $10,000, and as of the

6  time of removal, the amount claimed ($31.67 per day, from August 20, 2010 to November

7  9, 2010) was well under that amount.  Moreover, plaintiff filed this unlawful detainer action

8  as a "limited civil case," which necessarily means that the "whole amount of damages

9  claimed is twenty-five thousand dollars ($25,000) or less."  Cal. Civ. Proc. Code § 86(a)(4).

10      In accordance with the foregoing, this case is hereby REMANDED to the San

11  Joaquin Superior Court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter

12  jurisdiction.  See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376-77 (9th Cir.

13  1997) (where plaintiff does not claim damages in excess of $75,000 and  defendant offers

14  no facts whatsoever to show that the amount in controversy exceeds $75,000, then

15  defendant has not borne the burden on removal of proving that the amount in controversy

16  requirement is satisfied).

17

18  **IT IS SO ORDERED.**

19  Dated: November 23, 2010

20  _____
   PHYLLIS J. HAMILTON
21  United States District Judge

22

23

24

25

26

27

28